[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO CITE IN PARTY DEFENDANT
James O. Gaston for plaintiff. CT Page 826
Williams, Cooney Sheehy for defendant.
The plaintiff, Eric DiCicco, as parent and next friend of the minor plaintiff, Jessica DiCicco, alleges that on June 6, 1990, Jessica DiCicco was injured when she fell from a shopping cart while on the premises controlled by the defendant, Walgreen Company (Walgreen). On December 15, 1994, Walgreen filed a motion to cite in Marilyn DiCicco, the mother of Jessica DiCicco, as a party defendant for the purpose of apportioning liability pursuant to General Statutes § 52-572h. Walgreen alleges that at the time of the accident, Marilyn DiCicco was negligent in her supervision of Jessica DiCicco. The plaintiffs objected to the motion to cite in at short calendar on January 3, 1995.
"It is clear from the language of the [tort reform statutes] that the jury is entitled to attribute and divide the percentage of negligence only among parties to the action." Bradford v. Herzig,33 Conn. App. 714, 723, 638 A.2d 608 (1994). There is a split of authority as to whether a person who is immune from liability pursuant to the parental immunity doctrine may be cited in as a party defendant for purposes of apportioning liability. See, e.g.,Brozdowski v. Southern Connecticut Gas Co.,7 Conn. L. Rptr. 237
(September 21, 1992, Katz, J.) (holding that the parental immunity doctrine does not prevent the trier from considering a parent's negligence for purposes of apportioning liability), andWaddicor v. Bozrah Light Power Co., 9 Conn. L. Rptr. 190
(June 28, 1993, Teller, J.) (holding that the parental immunity doctrine is a bar to a claim for apportionment, asserted against the parent of an injured child). Nevertheless, the issue of whether the parental immunity doctrine bars Walgreen from seeking an apportionment of liability based on the alleged negligence of Marilyn DiCicco is properly decided in the context of a motion to strike. See Finley v. Tortora, 3 Conn. L. Rptr. 277 (February 6, 1991, Lewis, J.). This is because a motion to cite in (along with a writ of summons and complaint) only serves to bring a new party into the case, and thus, the issue of whether a legally sufficient claim can be asserted against the newly cited-in party must be resolved in the context of a subsequent motion to strike.
Accordingly, the court grants Walgreen's motion to cite in Marilyn DiCicco as a party defendant for purposes of apportioning liability. CT Page 827